### BANK OF METROPOLIS v. LISSNER.

(Supreme Court, Appellate Division, First Department. June 5, 1896.)

APPEAL—REVIEW—QUESTIONS OF FACT.
Where the question involved in an action is one of fact, on which the evidence is admitted to be conflicting, a verdict will not be disturbed on appeal.

Appeal from circuit court, New York county.

Action by the Bank of the Metropolis against Jacob L. Lissner. From a judgment entered on a verdict in favor of defendant, and from an order denying a motion for a new trial, plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, O'BRIEN, and INGRAHAM, JJ.

George Putnam Smith, for appellant.
David Leventritt, for respondent.

O'BRIEN, J. The appellant insists that the verdict was contrary to the weight of evidence, and as this is the only question presented for our consideration it requires for its determination a brief statement of the issue and the facts appearing upon the trial. The plaintiff sought to charge the defendant with liability upon two notes, claimed to have been discounted by it for the defendant, which were made to the order of "J. L. Lissner," and indorsed in that form. The defendant denied that he had indorsed the notes, and averred that he wrote "J. L. Lissner" as the attorney in fact for Jennie L. Lissner, who was in reality the indorser of said notes. The latter, the wife of the defendant, was engaged in business, and in 1884 opened an account with the plaintiff, giving to her husband a power of attorney, which was lodged with the bank; and pursuant thereto he thereafter signed checks and notes, not with the full signature of Jennie L. Lissner embodied in the power of attorney, but in the abbreviated form of J. L. Lissner. He so continued to sign checks and notes down to 1891, when, according to the testimony of the president of the plaintiff, who at the time mentioned was the cashier, defendant notified the bank "that the account with the bank in the future would be his entirely; that his would be the signature alone, and on the strength of that these discounts were made   *   *   *   for Jacob L. Lissner." The maker of the notes testified that he bought goods from the defendant, and that he never knew that Mrs. Lissner claimed to own the business, and two or three other witnesses testified to the same effect. This was substantially all the evidence adduced in support of the plaintiff's version upon the question of the identity

of the person for whom the discounts were made. In addition, it was shown that a change was made in the design or vignette upon the checks from those formerly used by Jennie L. Lissner, but with this exception it is conceded that from 1884 the account remained the same upon the ledger, and the checks and notes were signed "J. L. Lissner," as formerly, and no change was made in the pass books, nor was there any formal transfer at any time from Jennie L. Lissner to Jacob L. Lissner. While the omission to change the account on the ledger is attributed to the oversight of a bookkeeper, all the other facts in connection with the history of this account support the defendant's version. Thus, as stated, it was conceded that the account of Jennie L. Lissner in the books remained unchanged after 1891; that at the latter date there was no check drawn or direction given by Jennie L. Lissner for the transfer of the account to Jacob L.; no new signature was obtained or left with the bank when the account was changed as claimed by the plaintiff; and, while it was stated that the discount book would show that they were discounted for Jacob L., we have the ledger account and the pass books in which the deposits were made remaining the same after as they had been prior to 1891. It was also conceded upon the trial that no such change had taken place, and that the discounts of the original notes, of which the notes in suit were renewals, was placed to the credit of the account of Jennie L. Lissner, as was the discount of the notes in suit. In addition, there is testimony that the notes belonged to Jennie L. Lissner, and were received by her in the course of a business conducted by her, and that there was but one account, and that the account of Jennie L. Lissner, at any time with the bank. With such conflict in the testimony, recognized by the appellant,—because no motion was made at the close of the evidence for the direction of a verdict in its favor,—there was thus, concededly, a question of fact to be determined by the jury; and it would be going further than we think there is any warrant or authority to hold that we could, upon the ground that this verdict was contrary to the weight of evidence, set it aside. Undoubtedly, the manner in which this account was conducted by the defendant in juggling with the names in such a way that to outsiders it would appear that the signature "J. L. Lissner" was of the defendant's own name, when in point of fact, according to his own version, he was simply acting under a power of attorney for his wife, is, of course, to be regarded with suspicion. But as between this defendant and the plaintiff, the latter having knowledge and permitting it to be done, it was, with respect to these particular discounts, a clean-cut question of fact, which was disposed of by the jury.

The judgment must be affirmed, with costs. All concur.